JAMES N. SUTTON *vs.* WILLIAM A. SUTTON, SAMUEL B SUTTON, et. al.

An executor, with an interest, is not a competent witness to a will.

Requisites to the validity of wills.

Proof in case of death of witnesses.

Proof in case of failure of memory of witnesses.

Proof of contradictory statements made by attesting witness as impeaching his signature, or his deposition.

Effect of proof impeaching the general credit of attesting witness.

Testamentary capacity, what?

Proof invalidating, or corroborative.

Undue influences; must amount to constraint; mere solicitation or persuasion will not vitiate a will.

ISSUE from the register, to try codicils No. 3, and No. 4, to the will of John Sutton.

One of the witnesses to codicil No. 3 was dead, and his hand writing was proved; the other witness was old and had only a very indistinct recollection of having signed it, though she believed the signature to be hers. She could not prove the signing or publication of the testator, or the presence of the other witness, apart from her own attestation, which was genuine, and she had no doubt was placed there to attest what at the time she knew to be true.

The witnesses to codicil No. 4. were both dead. Their signatures were proved; and the deposition of one of them, made at the probate before the register, was put in. But against that, his general credit was impeached, and it was proved by several witnesses that

he had said he did not see the testator sign the paper, nor hear him publish it as his will.

One of the executors, a party to this proceeding, and the person chiefly interested in the codicil, was offered to prove the circumstances under which the will was found.

*The Court* rejected him.

The other executor, who was not interested in the codicils, was then called and admitted.

He proved that the envelope produced "looked like" the paper from which the will and codicils were taken, after Mr. Sutton's death. It was produced by Miss Long, who had the keys. When he first saw it, it had been broken open; but in the presence of all.

The case was argued before the jury, by Messrs. *Bates* and *Rogers*, for plaintiffs, and *Mr. Rodney*, for the executors.

Judge HARRINGTON charged.—The party propounding a will must prove the formal execution ; and, when it is attacked, he must establish—1. A will in *writing ;* 2. that it was *signed* by the testator, or by some one subscribing the testator's name in his presence and by his express direction : (it need not be signed in the presence of the witnesses, but must be acknowledged by the testator to them ;) 3. that it shall be *attested* and *subscribed* in his presence by *two* or more *credible* witnesses.

The clearness of the proof required on these points will reasonably vary with each case, depending much upon age, capacity, and other circumstances. As where the testamentary capacity of the party is questioned or fraud imputed, proof that the witness signed in the *presence* of the testator, will reasonably be held to a greater strictness, than where that capacity is unquestioned, and the testator's signature undoubted.

And where the will is written by a person who is to be benefitted by it ; or where improper influence is imputed over a man of doubtful capacity, stricter proof will be required of volition and capacity, as well as of the statutory requisites to formal execution.

So the jury are at liberty to regard evidence of the testator's previous purposes in reference to his testamentary dispositions ; and of his known affections and preferences, as operating on the question whether the instrument propounded is or is not his will.

Proof of codicil No. 3. The witnesses are James Houston and Isabella Long. James Houston is dead. His signature is proved,

and proof of his signature is from necessity to be held sufficient as to his attestation, unless there be other proof to contradict it.

Isabella Long, an aged witness, is not distinct in her recollection as to the facts; and therefore, from her age and failing memory, not to be expected to give the clearest statement of facts. Yet, from a fair understanding of what she does prove, and the legal inferences to be drawn from Houston's signature, the jury must decide whether it is proved that this codicil was executed as before stated, and was attested and subscribed in the testator's presence, both by Miss Long and James Houston.

Proof of codicil No. 4, dated December 7, 1852. This codicil is attested and subscribed by James C. Jackson and Nathaniel Covington. The legal execution is denied, on proof that Jackson declared he would not swear to the testator's signature, and generally that he was not a credible person. The first objection is to be taken in connection with the explanations which Jackson makes in reference to this conversation; the second is for the jury generally, on the proof of Mr. Jackson's credibility as a witness. The statute requires that the witnesses shall be *credible*, that is, such as may be relied on for truth, in reference to the matter they are called to establish.

If these two witnesses are credible, and are believed, its formal execution is proved; unless the objections taken to this and also to the other codicil are considered by the jury fatal to their validity. These are, that John Sutton was, from age and weakness at the time these codicils are supposed to have been made, a man of doubtful and fluctuating capacity; operated upon by improper influences, to make changes of his will contrary to his real wishes, and at variance with his known affections.

These are objections apart from the formal execution of the will and codicils. Testable capacity in such a person as John Sutton, of whom insanity is not supposed, will amount to nothing more than a knowledge of what he was about, and how he was disposing of his property, and the purpose so to do it; and as to undue influence over a man of testable capacity, it must be such as to take away his free will; such as he is too weak to resist. (2 *Stark.*, 1707; 2 *Harr. Rep.*, 384.) Mere solicitation will not be sufficient to vitiate a will made by a person having a knowledge of what he is doing, and intending to do it, though his act may be brought about by

solicitation, or that kind of influence which a disposition to gratify another may produce.

But if from age or imbecility, a testator could be induced to change his will, contrary to his intentions and against his own wishes, that would be undue influence, and its effect upon doubtful or fluctuating capacity, would invalidate the will.

On all these points, the age and bodily condition of the testator; his condition and circumstances; his known affections and preferences; and the correspondence or contradiction of the will to these affections; the manner of making or altering the will; the persons around him at the time; their capacity and credibility; are all facts to be considered.

The jury found that codicil No. 3 was, and that codicil No. 4 was not a part of the last will and testament of John Sutton.

Messrs. *Osborne, Rogers* and *Bates*, for plaintiff.

*Mr. Rodney*, for the executors.